IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH GRIFFITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  CIVIL ACTION NO. |
| JUNIATA COLLEGE, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Hannah Griffith brings this civil action under Federal law and the laws of the Commonwealth of Pennsylvania, seeking compensatory damages against Defendant for offenses arising from, *inter alia*, Defendant's violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") and breach of contract.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over the ADA and Section 504 claims in this case pursuant to 28 U.S.C. § 1331, as those claims arise under the laws of the United States. *See* 20 U.S.C. § 12181, *et seq*. and 29 U.S.C. § 701, *et seq.*

2. This Court has supplemental jurisdiction over the Pennsylvania law claim in this case pursuant to 28 U.S.C. § 1367 because the claim is so related to the claims that are within this Court's original jurisdiction that they form part of the same case or controversy.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the jurisdiction of this Court.

## PARTIES

4. Plaintiff Hannah Griffith ("Hannah" or "Ms. Griffith"), is a student at Juniata College. She resides at 1125 Lindale Avenue Drexel Hill, PA 19026.

5. Defendant Juniata College ("Juniata" or "the College") is a private college with its main campus and principal place of business located at 1700 Moore St, Huntingdon, PA 16652.

## FACTUAL BACKGROUND

6. In or about May 2016, Juniata College accepted Hannah as a student in the College's rising freshman class for the 2017/2018 academic school year.

7. In or about August 2017, Hannah matriculated as a student at Juniata College.

8. Hannah has several invisible disabilities. She is diagnosed with dyslexia, nonverbal learning disorder, attention deficit disorder (ADD), hearing deficits, anxiety, depression, and post-traumatic stress disorder (PTSD).

9. Hannah's disabilities substantially affect her ability to learn, hear, read, concentrate, and think.

10. Hannah's disabilities are known to the College and are on file with the Student Accessibility Services Office (SAS).

11. The Student Accessibility Services Office (SAS) is responsible for "providing equal access for all students[,]" and following the mandates set in place by Section 504 and the ADA. *See* Juniata College website, *Student Accessibility Services*, https://www.juniata.edu/academics/learning-services/student-accessibility-services/#:~:text=About%20us,an%20individualized%20and%20flexible%20basis.

12. The policy also goes beyond what is owed under Section 504 and the ADA. In particular, Juniata College states:

    > Student Accessibility Services believes in providing an equitable, inclusive, and accessible educational experience for students at Juniata with documented disabilities. Academic accommodations are made on an individualized and flexible basis. We believe that environments can pose a barrier to an individual with disabilities; and therefore we strive to both transform the environment while also providing necessary accommodations for needs in the existing environment. We also partner with staff and faculty to encourage students to discover their diverse strengths, navigate their challenges, and empower them to advocate for their academic success.

    *Id*.

13. Juniata further promises: "We're here to ensure that anyone with a disability-'a physical, cognitive or mental impairment which substantially limits one or more major life activities'-has equal access and opportunity." *Id*.

14. Each semester, Hannah requests academic accommodations for her disabilities from SAS.

15. Each semester, based on Hannah's documented disabilities, the Student Accessibility Services Office has approved accommodations for Hannah.

16. Those accommodations include, but are not limited to:

    a. Alternative testing: Double time on examinations, Distraction-reduced testing environment.
    b. Classroom/coursework access: Permission to audio record meeting where possible and appropriate.
    c. Deaf and Hard of Hearing: Captioned videos.
    d. Notetaking services: Peer Notetaking Assistance.
    e. Notetaking Tools: Permission to audio record class sessions.

    Letter of Accommodations Spring 2021.  (Exhibit A).

17. Juniata College defines "notetaking services" as an "[a]ccomodation that allows student to access notes from a peer."  Exhibit A, 2.  "Peer Notetaking Assistance" states: "Student may obtain notes from another student.  Student Accessibility Services coordinates this service and may contact faculty for assistance with identifying a note-taker."  Exhibit A, 2.

18. Juniata College approved the disability accommodation of notetaking services for Hannah every semester Hannah attended the College.

19. Hannah is currently approved to receive the disability accommodation of notetaking services for the Spring 2021 term.

20. Hannah's disabilities, among other things, substantially affect her ability to take notes in class.

21. Notes from classes and/or lectures are critical components to being successful on quizzes and exams.

22. The accommodation of "Peer Notetaking Assistance" is not the same thing as an accommodation for dictation services.  Peer notetaking services provides the accommodated student with succinct notes, highlighting key points in a lecture/class. Peer notes are usually five to ten pages long per class.  Dictation services/software transcribes the lecture/class in its entirety.  A transcript of the lecture/class utilizing dictation software typically runs 70+ pages in length and does nothing to highlight or emphasize key concepts.

23. Hannah, a person with ADD, dyslexia, and a nonverbal learning disorder, is unable to successfully sort through the large volume of text produced via dictation software/services. In other words, dictation services is not an appropriate accommodation for Hannah's disabilities. And, indeed, Juniata has never suggested or approved dictation services as one of her approved accommodations.

24. Despite Juniata formally offering Hannah the accommodation of peer notetaking, Hannah has frequently not received notes from a peer or notetaking service.

25. Hannah has not received notes pursuant to her accommodation of notetaking services in a timely manner. Nor has she received notes prior to exams and quizzes. This has placed, and continues to place, Hannah at a significant disadvantage as compared to her non-disabled peers. Hannah has received poor or failing scores as a result.

26. On numerous occasions, throughout her years as a disabled student at Juniata College, Hannah has brought the failure to receive her approved accommodations to the attention of Patty Klug, Director of Student Accessibility Services and Academic Coaching.

27. The College continued to fail to provide Hannah with the necessary and approved accommodation of notetaking services in the Spring 2020 semester.

28. During the first week of the Spring 2020 term, Hannah spoke to Dr. Sharon Yohn, a chemistry professor, and Venus Leidy, Testing and Accessibility Coordinator, about needing notes for Integrated Chemistry 2.

29. During the second week of the Spring 2020 term, Hannah spoke to Ms. Leidy again and submitted the note taking form.

30. During the third week of the Spring 2020 term, Hannah spoke with Jennifer DeConde, Academic Coach and Coordinator of Tutoring Services, about notes and about getting a tutor. Hannah submitted a tutor request for Integrated Chemistry 2. That same week, she took the first quiz in Integrated Chemistry 2 without notes.

31. During the fourth week of the Spring 2020 term, Ms. DeConde advised Hannah she would get her transcripts for videos and then informed Hannah there were no transcripts for the videos. Ms. DeConde also told Hannah that Hannah was not advocating enough for herself and asked why *she* had not told them she never received her accommodation letter.

32. That same week, on February 21, 2020, Hannah had an appointment with Jennifer DeConde but met with Blair Cutright, an academic coach. Hannah told Ms. Cutright that she had a chemistry quiz that week and an exam the following week and would be unable to prepare and sit for the tests without notes. Ms. Cutright stated a notetaker had not been identified.

33. Hannah did not receive notes for the chemistry quiz. She failed it.

34. Four weeks into the Spring 2020 semester, Hannah finally received her accommodation letter from QUEST (the QUEST office houses learning services, career services, academic coaching, and tutoring). She immediately emailed it to her professors.

35. On February 11, 2020, Hannah emailed several administrators including Dr. James Troha, President of Juniata College, Dr. Lauren Bowen, Provost, Dr. Matthew Damschroder, Vice President for Student Life and Dean of Students, Patty Klug, Director of Student Accessibility Services and Academic Coaching, and Jennifer DeConde, Academic Coach and Coordinator of Tutoring Services. Hannah stated:

    > Just to get everyone on the same page, I will not be taking the Chemistry quiz or exam until I have received notes and have had proper time to review them.
    >
    > This is a problem every semester and I fail my first exam every semester due to this and I refuse to continue to let this happen. I have already failed my first quiz and do not understand enough to individually complete the homework or complete the worksheets in class. I cannot *[sic]* take notes, watch the videos, and prosses it at the same time. Dr. Yohn expressed her concern that doing this will put me behind but at this point and I agree but I do not think I can pass either without the proper notes and support. Not having notes puts me at a severe disadvantage compared to my peers.

36. During the fifth week of the Spring 2020 term, Hannah missed her chemistry exam due to not receiving notes in enough time to prepare.

37. During the sixth week of the Spring 2020 term, Hannah followed up with Ms. DeConde regarding the status of her notes. She also went to see Ms. Klug regarding the lack of notes. Ms. Klug lectured Hannah on how the notetaking services is a student reliant system and Ms. Klug "can't just track down students for notes." Hannah reminded Ms. Klug that pursuant to her disability accommodations she requires notes to study from in a reasonable time so that she can properly prepare and study. Ms. Klug told Hannah to download Otter and make the transcripts myself.

38. During the seventh week of the Spring 2020 term, Hannah received notes for a quiz—two weeks' worth of notes—three days before the quiz.

39. On February 27, 2020, Hannah sent an email to Dr. Matthew Damschroder, Vice President for Student Life and Dean of Students. Hannah wrote:

    > I was wondering if we could find time to meet. I'm still not having my needs met by Quest and would like to submit a formal complaint. I am not receiving notes within reasonable times and I have not received transcripts for the videos because apparently we don't own

>   a transcript software. This is unacceptable and illegal and needs to be taken care of.

40. Hannah met with Dr. Damschroder. He assured Hannah he would meet with Provost Bowen on her behalf.

41. On April 29, 2020, desperate for help, Hannah again reached out to Dr. Damschroder. She wrote, in relevant part:

    > I just wanted to let you know that I'm still not receiving chem notes on time and I'm supposed to take an exam this Friday and haven't received any notes since last exam. I honestly can't pass this exam without these notes and if I don't pass this exam I will fail the class. I don't feel like I've been given the resources I need to pass this class and will be reaching out to submit a federal complaint as well.

42. That same day, Dr. Damschroder responded: "I will seek additional information on your receipt of Chemistry notes. I understand your frustration, and will do what I can to assist."

43. On May 4, 2020, in response to an email from Dr. Damschroder checking in, Hannah wrote:

    > I am also going to try and update the timeline [*sic*] I sent you last time. I spent the last 3 weeks reminding Patty [Ms. Klug] I had an exam on Friday the first and I didn't get notes till Wednesday. This has how all 3 of my exams have gone. There is no way for me to study a whole unit of notes in 2 days. On the other exams I was able to at least make a passing grade on this exam I wasn't and because of that will fail the class. Failing chemistry means that I won't graduate on time and that is devastating.
    >
    > I haven't been supported here and I've advocated for myself as much as I can. I've been quite vocal about what I need and Juniata hasn't been able to help me and that's unacceptable.

44. In late May 2020, as she began to prepare for the Summer 2020 term, Hannah was met, again, with difficulty regarding her necessary – and Juniata College approved – accommodation of a notetaker.

45. She again wrote to Dr. Damschroder. She stated in her May 23, 2020 email:

    > The semesters over and we can't go back and change anything but I still feel so unheard. What I asked of Juniata was for basic support and I didn't receive that but in addition to that I feel like no one is willing to take responsibility. The past semester Patty [Klug] and

        other staff made excuses and shifted the blame to Dr. Yohn and the student note taker when it is Patty's job to provide my accommodations. I met with Patty again for my summer classes this week and again she shifted the blame to my student note taker.

46. On May 27, 2020, Dr. Damschroder replied:

        I appreciate your willingness to connect and discuss further. Are you free this afternoon or later this week to check in? I am deeply regretful for the frustration that you experienced, and the obstacles that you encountered in obtaining notes and materials to support your learning. I share your concern that others might but should not experience the same, and to that end, I'm hopeful I might share some of the work that is moving forward to make our accommodations processes responsive and efficient. I'm free today at 3, tomorrow at 10:30 or 1:30, and Friday before 10 or after Noon. Let me know as your schedule allows.

47. On June 22, 2020, Hannah filed a complaint against Juniata College with the Office of Civil Rights (OCR) alleging discrimination on the basis of disability.

48. The parties, Hannah and Juniata College, agreed to participate in OCR's Facilitated Resolution Between the Parties (FRBP).

49. On August 4, 2020, Hannah received a nomination to the National Society of Leadership and Success from Dr. Damschroder. This was followed by a nomination on September 25, 2020 to the Equity Diversity and Inclusion Council as a student member.

50. On September 9, 2020, the parties entered into a Settlement Agreement and Release ("Agreement") through OCR's Facilitated Resolution Between the Parties process. (Exhibit B).

51. Among other things, the Agreement states:

    1. Within seven calendar days of the Complainant's request to the Office for Accessibility Services for a notetaker for spring 2021 courses, the College shall identify a notetaker for each course. If the College is unable to identify a notetaker, the College will provide the Complainant with an alternative to receive timely written notes while a notetaker is being identified, i.e. delivering notes from the course instructor.

    2. Once the College has identified a notetaker for the requested courses, the Complainant shall receive notes for each course within 24 hours of each class.

    3. The College will determine whether the notetaker will upload notes for each class to an AIM portal or DropBox and advise the Complainant in writing no later than seven calendar days before the start of the spring 2021 semester. The notetaker shall upload class notes within 24 hours of each class to the AIM portal or DropBox as determined by the College. The Complainant will have access to the notes as they are uploaded on either the AIM portal or DropBox.

    4. The College has identified the following individuals who will serve as points of contact for the Complainant should she have any concerns regarding the receipt of timely notes for her spring 2021 courses: Patty Klug, Director of Accessibility and Services, at klugp@juniata.edu or 814-641-5840 and Lisa McDaniels, Dean of the Library and Learning Services, at mcdanil@juniata.edu or 814-641-3458.

    5. The College shall pay to Complainant the sum of three thousand five hundred eighty-three dollars and fifty cents ($3,583.50) as reimbursement for the spring 2020 chemistry course.

    6. Payment will be made within fifteen (15) calendar days of the effective date of this Agreement.

Executed Settlement Agreement and Release. (Exhibit B).

52. Throughout the Fall 2020 semester, Hannah obtained notes from other students on her own and worked directly with her professors and the Director of the Field Station.

53. In anticipation of the Spring 2021 semester, Hannah, as she did every semester, requested accommodations from Student Accessibility Services. Hannah was granted accommodations. *See* Letter of Accommodations Spring 2021. (Exhibit A).

54. On January 21, 2021, Hannah submitted her letter of accommodations to her professors.

55. On January 25, 2021, classes for the Spring term began.

56. On January 27, 2021, Hannah identified a student who was in most of her classes. She emailed Patty Klug the student's name, identifying them as a possible notetaker in Geology and Water 1.

57. Per the terms of the Agreement, Juniata should have identified notetakers in each of Hannah's classes on or before January 28, 2021.

58. As of January 28, 2021, Juniata had identified exactly zero notetakers.

59. On February 3, 2021, drop/add ended.  Juniata still had not identified notetakers.

60. As of February 8, 2021, Hannah had only received notes in Natural Resources Management and received them every Friday; not within 24 hours of the class, as stated in the Agreement.  She was assigned a notetaker for Water I, but had not received any notes, and had not been assigned a notetaker or received any notes in Geology.

61. That same day, February 8, 2021, Hannah emailed her designated contacts pursuant to the Agreement: Patty Klug and Lisa McDaniels.  Hannah stated: "I have only received notes for Natural Resource Management and only been receiving them on Fridays.  This is in violation of the FRBP agreement.  Per the agreement, I should be receiving notes for all 3 classes I requested within 24 hours of the class."

62. That same day, Ms. Klug, Director of Student Accessibility Services and Academic Coaching and the named point of contact in the Agreement, responded stating:

    > Would you be able to meet in person or via Zoom so we can get some clarification on these issues? *I am not aware of an "FRBP agreement."* I would like to know what this refers to in terms of notetaking accommodations. *We have not been notified of any agreement about the 24 turn around.*  In the meantime, I will reach out to the instructors to see what we can do to expedite this process.

    (emphases added).

63. Shortly after receiving the email from Ms. Klug where she states she is unaware of any Agreement, despite being named as the point of contact in the Agreement, John Griffith, Hannah's father, sent Dr. Troha, President of Juniata College an email.  Mr. Griffith informed Dr. Troha that "The person responsible for complying with the OCR agreement does not know of its existence."

64. In response to Mr. Griffith's email, David Andrews, counsel for the College, emailed Mr. Griffith and stated:

    > The College is having a difficult time obtaining student note takers who can turn around notes within 24 hours.  The College does want to provide Hannah with assistance that will aid her in her course work. The College would offer as an alternative that it would immediately purchase the Otter AI software for Hannah that would enable her to have a complete transcription of her classes on either her laptop or her phone. Hannah could also take pictures of any demonstrative documents used in the class.
    >
    > The College believes such a process would give a more accurate transcription of the class then relying upon the student notes.

65. As Hannah explained that same day to Ms. Klug, and had previously stated:

    > I do not need a recording or transcript of the class. As you know I have processing issues as well as being hard of hearing and dyslexic. I need notes to help fill in my notes. I have already tried a number of these options and it is not beneficial to me to re-listen or re-read the transcripts because I often miss the same information I did the first time.

66. Mr. Andrews email to Mr. Griffith went on to state:

    > You have alleged the College is in violation of the Agreement. You should be aware that Hannah breached the Agreement by violating Paragraphs 18 and 20 shortly after the signing of the Agreement by posting on social media that 'Shocker Juniata College has agreed to follow the law as well as compensate me for the class they failed to give me accommodations in. The only reason they worked with me on this is because they are terrified of having the Office of Civil Rights investigate.' I wrote to Hannah, informed her of her breach, and reserved all rights of the College as a result of the breach of this Agreement. Thus, the College has a defense that this Agreement is not in effect at this point.

67. Even if the Agreement was not in effect – which it was and continues to be – the College is bound by Section 504 to provide reasonable accommodations to its disabled students. Moreover, the College approved the accommodation of a notetaker in Hannah's Spring 2021 Accommodations Letter.

68. On February 8, 2021, Hannah filed another OCR complaint against Juniata College.

69. On February 9, 2021, Juniata assigned a notetaker for Geology. Upon information and belief, this student was already providing notes for another student and had not been contacted to also provide notes to Hannah.

70. On February 9, 2021, Ms. Klug informed Hannah that the notetaker assigned to her Water I class was refusing to upload notes and Student Accessibility Services was looking for a new notetaker. Hannah's first quiz in Water I was scheduled for February 11, 2021.

71. On Thursday, April 29, 2021, Hannah emailed Ms. Klug and Ms. Leidy notifying them that she had not received notes in Geology all week and that there was a Geology exam on Monday, May 3, 2021.

72. Later that day, Ms. Leidy responded stating: "I contacted the notetaker and asked that they do an upload today of any notes taken so far this week then upload again after Friday's class."

73. The next day, Friday, April 30, 2021, Hannah had still not received any Geology notes for the week. That evening, Hannah reported to Ms. Klug and Ms. Leidy that she still had not received any notes.

74. Hannah received an out of office notice for both Ms. Klug and Ms. Leidy. Hannah then emailed the Dean of Students, the Provost's Office, and President Troha.

75. By Sunday, May 2, 2021, Hannah received the weeks' worth of Geology notes. The notes were to cover three classes. The notes sent to Hannah for all three classes were not even a half-page long in total. The exam was scheduled for the following day, May 3, 2021.

76. To date, Hannah is still not receiving notes regularly in her courses.

77. To date, Hannah is still not receiving notes in a timely manner.

78. The lack of notes – Hannah's approved and necessary accommodation – has significantly affected her grades and GPA. If Hannah had received the necessary disability accommodations, over the course of years while a student at Juniata College, she would not have failed or received low scores on tests and quizzes. Consequently, her grades and GPA would be higher. This has far reaching impact in that Hannah is no longer able to apply to graduate school, as she had planned, or apply for government jobs. Graduate schools and government jobs require a 3.0 minimum GPA. Receiving necessary disability accommodations from Juniata College would have allowed Hannah to pursue her desired career path.

## CLAIMS

## COUNT I – DISCRIMINATION PURSUANT TO TITLE III OF THE ADA

79. Plaintiff incorporates the allegations contained in paragraphs 1 through 78, above, as if set forth fully herein.

80. Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 665 (2001).

81. Private entities may be charged with discrimination under Title III if it owns, leases (or leases to), or operates a place of public accommodation. *See* 42 U.S.C. § 12181; 28 C.F.R. §36.201. Title III defines places of public accommodation to include: "undergraduate, or postgraduate private school, or other place of education." 42 U.S.C. § 12181(7)(J). Legislative history indicates the phrase 'public accommodation' should be construed liberally to afford people with disabilities equal access to the wide variety of

establishments available to the nondisabled. *See PGA Tour, Inc.*, 532 U.S., at 667 (citing S. Rep. No. 101-116, at 59; H. R. No. 101-485, pt. 2, at 100).

82. Juniata College has intentionally, purposefully, and with deliberate indifference violated the rights of Hannah secured by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. Part 36 by:

    a. Subjecting Hannah to discrimination on the basis of her disabilities and denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Juniata College, in violation of 42 U.S.C. § 12182 and 28 C.F.R. §36.201(a);

    b. Denying Hannah, on the basis of her disabilities, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations of Juniata College, in violation of 28 C.F.R. § 36.202(a).

    c. Failing to provide Hannah an opportunity to participate in and benefit from Juniata's services, accommodations, and academic programming that is equal to the opportunity afforded to other individuals, in violation of 28 C.F.R. § 36.202(b);

    d. Utilizing standards or methods of administration that had the effect of discriminating against Hannah on the basis of her disabilities, in violation of 28 C.F.R. § 36.204; and

    e. Refusing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford Hannah Juanita's goods, services, facilities, privileges, advantages, or accommodations, in violation of 28 C.F.R. § 36.302(a).

83. Hannah is still a student at Juniata College.  Hannah's rights secured by the Americans with Disabilities Act are still being violated.

**WHEREFORE**, Plaintiff requests the following relief:

   a. Injunctive relief in the form of accommodations to be immediately and consistently provided to Hannah as delineated in her Accommodations Letter and the Agreement.  Further, modification of policy, practice, and procedure reform including, but not limited to staff qualifications, training, and oversight is requested;

   b. An award of attorneys' fees and costs; and

   c. Such other and further relief as appears reasonable and just including, but not limited to, a civil penalty.

**COUNT II – DISCRIMINATION PURSUANT TO 29 U.S.C.S. § 794**

84. Plaintiff incorporates the allegations contained in paragraphs 1 through 83, above, as if set forth fully herein.

85. Under Section 504, no otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.  29 U.S.C.S. § 794.

86. As detailed above, Juniata College, through its agents and administrators, has intentionally, purposefully, and/or with deliberate indifference violated the rights of Hannah secured by Section 504 of the Rehabilitation Act of 1973, *as amended*, 29 U.S.C. § 794 and 34 C.F.R. § 104.4, by subjecting Hannah to discrimination on the basis of her disabilities and by excluding and/or denying Hannah from participating in, or benefiting from, Juniata College's programs, actives, and services.

87. After the Agreement was entered in September 2020, and Defendant continued to exclude and/or deny Hannah from participating in, or benefiting from, Juniata College's academic programs, actives, and services due to failing to provide reasonable and necessary accommodations, it became clear that what was occurring was not merely negligence, but deliberate indifference.

88. Juniata College did not notify the people responsible for providing the accommodations of the existence of the Agreement.

89. Even if the Agreement was not in existence, Section 504 and ADA still dictate that Hannah receive reasonable accommodations.

90. Defendant is aware that Hannah is diagnosed with dyslexia, nonverbal learning disorder, attention deficit disorder (ADD), hearing deficits, and anxiety, among other things. Defendant is aware Hannah is disabled.  Defendant is aware of Section 504 and its requirements.  Defendant knowingly and willingly entered into the Agreement with Hannah in September 2020.

91. The intentional, purposeful, and/or deliberately indifferent actions of Defendant has caused Hannah to suffer significant emotional damages.  Hannah has suffered from increased anxiety, panic attacks, and loss of sleep.  Her eating disorder has gotten worse. Hannah has experienced such significant emotional distress that she reached out to the Dean of Health and Wellness for support and currently receives counseling through the counseling center.  Furthermore, her treating doctor has increased the dosages of her medication and prescribed new medication.

92. Juniata College receives Federal financial assistance.

**WHEREFORE**, Plaintiff requests the following relief:

    a. Compensatory damages to Plaintiff against Defendant;

    b. An award of attorneys' fees and costs; and

    c. Such other and further relief as appears reasonable and just.

## COUNT III – BREACH OF CONTRACT

93. Plaintiff incorporates the allegations contained in paragraphs 1 through 92, above, as if set forth fully herein.

94. Defendant Juniata College and Plaintiff are parties to a contract that is comprised of not only Defendant Juniata College's signed admission agreement for educational service with Plaintiff, but the policies, procedures, and handbooks that Juniata College distributes and publicizes to its community. *See Swartley v. Hoffner,* 734 A.2d 915, 919 (Pa. Super. Ct. 1999) ("[T]he relationship between a private educational institution and an enrolled student is contractual in nature; therefore, a student can bring a cause of action against said institution for breach of contract where the institution ignores or violates portions of the written contract.").

95. In addition to being parties to a contract that is comprised of Defendant Juniata College's signed admission agreement for educational service with Plaintiff and the policies, procedures, and handbooks that Juniata College distributes and publicizes to its community, Plaintiff and Defendant are also parties to a contract executed on September 9, 2020. The contract is entitled "Settlement Agreement and Release." (Exhibit B).

96. As a disabled student, Juniata has offered, promised, approved, and contracted to provide Hannah with disability accommodations including, but not limited to notetaking services, so that she too may access her education in the same manner as her non-disabled peers.

97. Hannah has not received the promised disability accommodations including, but not limited to, notetaking services.

98. Hannah has not received notes within 24 hours of each class as promised in the Agreement.

99. Juniata College and Hannah are parties to two contracts. Juniata College has breached both. Juniata College has breached (1) the contract established in the signed admission agreement for educational service with Plaintiff and the policies, procedures, and handbooks that Juniata College distributes and publicizes to its community, and (2) the Agreement executed on September 9, 2020.

100. Juniata breached its duty imposed by each contract when Juniata refused to provide the contracted and requested accommodations and access to education.

101. The breach, as aforesaid, has caused Plaintiff injury in an amount exceeding $71,478.50, plus reasonable attorney's fees, costs, and interest.

**WHEREFORE**, Plaintiff requests the following relief:

    a.    Grant judgment for the Plaintiff and against Defendant;

    b.    Order Defendant Juniata College to specifically perform the parties' contracts, and reimburse Plaintiff $71,478.50 in tuition;

    c.    Grant Plaintiff her expenses, including reasonable attorneys' fees and costs incurred in connection with this action;

    d.    Grant Plaintiff interest at the statutory rate from August 2017; and

    e.    Grant such other relief as the Court deems equitable and just.

Date: 4 May 2021

Respectfully submitted,

*/s/ Adrianna A. Cherkas*
Adrianna A. Cherkas
PA attorney ID 209000
Michael D. Raffaele
PA attorney ID 91615
Raffaele & Associates, LLC
1230 County Line Road
Bryn Mawr, PA 19010
(610) 922-4200
(610) 646-0888 [fax]
Adrianna@mykidslawyer.com
Michael@mykidslawyer.com

*Counsel for Hannah Griffith*